IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHAHIN SHAHIN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:22-cv-1683-PX |
| UNITED STATES OF AMERICA, | * | |
| Defendant. | * | |

\*\*\*

## MEMORANDUM OPINION

Presently pending is the motion filed by the United States of America ("the Government") to dismiss the Complaint. ECF No. 10. The motion is fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. Because Plaintiff Shahin Shahin has previously litigated the identical claims against the Government to final judgment, the claims in this suit are barred as *res judicata*. Thus, the Court grants the Government's motion and dismisses the claims with prejudice.

I.  **Background**[1]

Plaintiff is seeking damages against the United States for birth defects that were allegedly caused after his mother, Donna Shahin, was exposed to toxins while employed at Walter Reed Army Medical Center ("Walter Reed"). Plaintiff has suffered from chronic leg and back pain, and he was diagnosed with congenital lumbar spinal stenosis in 2001. ECF No. 1 at 2. Plaintiff avers that these medical conditions are the result of birth defects caused by his *in utero* exposure to organic solvents. *Id.*

---

[1] The Court construes the averred facts in the light most favorable to Plaintiff Shahin Shahin. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

In a separate lawsuit previously before this Court, Plaintiff's father, Subhi Shahin, brought identical claims against the Government on behalf of Shahin Shahin, as well as claims on behalf of Donna. *See Shahin v. United States of America*, No. 20-3242 (hereinafter "*Shahin I*"), ECF No. 1.  The Court joined all three family members as Plaintiffs and ultimately granted the Government's motion to dismiss the claims. *Id.*, ECF Nos. 16 & 17.  The Court, however, initially dismissed the claims without prejudice to allow Plaintiffs an opportunity to cure the pleading defects. *Id.*, ECF No. 16 at 12.  Plaintiffs declined to amend the Complaint and instead moved for reconsideration of the Court's decision.  The Court denied that motion and dismissed the Complaint with prejudice on September 24, 2021. *Id.*, ECF No. 19.

Shahin Shahin next filed the Complaint in this case on July 8, 2022, alleging the Government committed "tort negligence" and was subject to suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–80.  ECF No. 1.  Shahin Shahin has also twice sought appointed counsel.  ECF Nos. 4 & 13.  The Government now moves to dismiss the claims, primarily alleging that Plaintiff's claims are barred by the doctrine of *res judicata*.  ECF No. 10.

## II. Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  The Court accepts "the well-pled allegations of the complaint as true," and construes all facts and reasonable inferences most favorably to the plaintiff. *Ibarra*, 120 F.3d at 474.  To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550

U.S. at 555). The Court must be able to deduce "more than the mere possibility of misconduct"; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief. *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015) (quoting *Iqbal*, 556 U.S. at 679), *aff'd in relevant part*, 659 F. App'x 744 (4th Cir. 2016). Because Shahin Shahin proceeds pro se, the Court must read his pleadings charitably and let all potentially viable claims proceed on the merits. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a pro se complaint must be dismissed if it does not allege a 'plausible claim for relief.'" *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at *3 (D. Md. Dec. 4, 2012) (quoting *Iqbal*, 556 U.S. at 679).

### III.    Analysis

The Government principally argues that the claims are barred by the doctrine of *res judicata*. ECF No. 10-1 at 7–9. *Res judicata* prevents parties from "relitigating an identical issue with the same party or his privy" after having had a full and fair opportunity initially to press their claims. *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161–62 (4th Cir. 2008) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)). Specifically, *res judicata* bars the later-filed action when: (1) the parties or their privies in both suits are identical; (2) the claims in the new suit were or could have been brought in the original suit; and (3) the claims in the original suit reached a final judgment on the merits. *See Laurel Sand & Gravel, Inc.*, 519 F.3d at 162 (citing *Anne Arundel Cnty. Bd. of Educ. v. Norville*, 390 Md. 93, 106–07 (2005)); *see also Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013).

Although *res judicata* is an affirmative defense, where the Complaint includes all facts necessary to sustain that defense, the Court may reach the question at the motion to dismiss stage. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). The Court may also take

judicial notice of pertinent facts from the prior litigation. *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) ("[W]hen entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact.").

When comparing the claims in this case to those raised in *Shahin I*, *res judicata* plainly applies. First, the parties in this action were also the litigants in *Shahin I*. Second, Shahin Shahin brings the same tort claims against the Government as he did in *Shahin I*, in that both cases fault the Government for exposing his mother to dangerous toxins while she was pregnant with him. *Compare Shahin I*, ECF No. 1 at 2 *with* ECF No. 1 at 2. Third, *Shahin I* was litigated to a final judgment on the merits because the claims were ultimately dismissed with prejudice. *See Church v. Maryland*, 180 F. Supp. 2d 708, 748 (D. Md. 2002).[2] In short, when viewing the Complaint most favorably to Shahin Shahin, each *res judicata* factor is satisfied. Nor can the Court discern any way that Plaintiff may amend the pleadings to cure this pleading defect. Thus, the claims will be dismissed with prejudice. *See U.S. Airline Pilots Ass'n v. AWAPPA, LLC*, 615 F.3d 312, 320 (4th Cir. 2010) (concluding that leave to amend should be denied when amendment would be futile).[3]

---

[2] Although Subhi Shahin has since filed a motion to reopen *Shahin I*, he asks the Court to reconsider solely Donna Shahin's claims. The motion, therefore, bears not at all on the finality of the claims related to Shahin Shahin. Shahin Shahin has also suggested in this case that the Court should reopen *Shahin I* as to his claims (ECF No. 9), but he has not filed such a request in that case. While the Court remains skeptical that Shahin Shahin would prevail in any such request, he simply has not pursued that relief in *Shahin I*.

[3] The Court declines to reach the Government's alternative grounds for dismissal. It also denies as moot Shahin Shahin's requests for court appointed counsel and for a "court mediation." ECF Nos. 4 & 13.

## IV.     Conclusion

Based on the foregoing, the Court grants the Government's motion to dismiss, dismisses the Complaint with prejudice, and denies as moot Shahin Shahin's motions to appoint counsel and for mediation. A separate Order follows.

| | |
|---|---|
| 1/6/2023 | /S/ |
| Date | Paula Xinis <br> United States District Judge |